**United States District Court
Northern District of Indiana
Hammond Division**

| | |
|---|---|
| Mary E. Wilson, | |
|       Plaintiff, | |
|       v. | Civil Action No. 4:10-CV-15 JVB |
| United States of America, d/b/a United States Postal Service, | |
|       Defendant. | |

**MEMORANDUM OF DECISION AND ORDER**

This case was tried before the Court without jury. Plaintiff Mary Wilson appeared in person and by counsel, Jon Abernathy. Defendant United Sates of America appeared by Lani Lorey of the United States Postal Service and by counsel, Joseph Reid, Assistant United States Attorney. Both parties presented evidence and rested. The Court, having heard the evidence, having reviewed the exhibits admitted into evidence, and having considered the arguments of the parties, now makes its findings of fact and conclusions of law.

**A. Findings of Fact**

In the evening of Saturday, March 24, 2007, Plaintiff, Mary Wilson left her home in West Lafayette, Indiana, to get some pictures developed at a local Walgreen's and to mail them at the nearby Post Office. When she left home, Wilson knew it had been raining on and off during the day. The parking lot and sidewalks at Walgreen's were wet, and when she went from Walgreen's to the Post Office, she found the sidewalks and parking lot of the Post Office wet. It was around 8 pm.

The retail counter was already closed and all employees were gone for the day, but the lobby was open for customers who wanted to mail letters, purchase stamps from a machine, or check their mail boxes. All Post Office employees had left the building six hours earlier and none would be present until the opening of the facility the following Monday morning. Wilson knew that no employees were on duty and that only the lobby area of the post office was open.

Two sets of sliding doors provided entrance to the lobby, with a commercial floor mat between them. The area was well lit, and there were no obstructions in the customers' pathway. When Wilson stepped on the floor mat, she felt that it was wet and squishy. As she approached the inner set of doors, she stepped off the mat, slipped, and fell backwards.

Wilson was unable to get up and felt immediate pain in her right knee. Another patron of the Post Office came in shortly and used her cell phone to call 911 and Wilson's husband.

Robert Molter, currently Assistant Fire Chief for the West Lafayette Fire Department, but at the time of the incident a captain with the Department, and several other emergency workers responded to the call. Although Wilson testified that she saw puddles of water six inches in diameter once she fell, Molter testified that there was no standing water in the lobby. Wilson's husband, who came while the emergency workers were still tending to her on the floor, also testified that there was accumulation of water on the floor. Court credits Molter's testimony on this factual dispute.

Although, over the course of his career as a firefighter, Molter responded to many emergencies, he recalled the facts of Wilson's incident. Molter did testify that he had no recollection of it raining that day, but this does not undermine his credibility. Molter has no interest in the outcome of this suit, and, having observed him during his testimony, the Court

2

found no reason to disbelieve him. Nor does the Court think that, with the passage of time, Molter merely forgot what the floor condition was. It is unlikely that a Captain of an emergency response team with thirty-two years of experience as a firefighter would overlook standing water at the scene of a slip-and-fall accident. Moreover, Molter had two opportunities to observe the floor: first when he was aiding Wilson, and when he had to return to the Post Office after the emergency was over to retrieve the walkie-talkie he had left behind. Molter testified that he recalled the entire incident clearly enough that he did not need the aid of his notes while testifying.

There is also a dispute as to whether a sign cautioning about the wet floor was present in the entryway. Wilson testified that there was no such sign; her husband testified that there was such a sign but it was located inside the lobby area, left of the sliding doors, and close to a copy machine. The manager of the Post Office, Lani Lorey, testified that the sign was kept in the entryway around the clock. The sign states: "CAUTION WET FLOORS." The Court credits the testimony of Lorey. Although Lorey has an interest in this suit, her testimony appeared truthful. Lorey's testimony makes sense given the Midwest climate and considering the fact that the accident took place in early spring, when wet conditions abound.

Since it was the practice of the Post Office to keep the warning sign in the entryway, it is unlikely that it would have been moved inside the lobby before Wilson's accident, especially on a day when it was raining on and off. In other words, if the Post Office kept the sign there even on dry days, it's a stretch to assume that it would have been moved inside on a rainy day. It is more likely that the sign was moved out of the way by the emergency responders to give them room to tend to Wilson. Moreover, it is unlikely that its permanent location would have been

inside the lobby by the copier.

Lorey, who had been the manager of the Post Office for two years before the accident, also testified that she was unaware of any incident in the entryway of the Post Office as a result of accumulated water. She testified that she worked at least 50 hours a week and would arrive at work by 6:00 a.m. on Mondays and never saw standing water in the entryway.

After the accident, Wilson was hospitalized. She underwent surgery and had to participate in physical therapy. She was off work for about three months. The medical expenses for her care totaled $42,745. Wilson lost wages in the amount of $6,240. Fortunately, Wilson appears to have fully recovered from her injury.

Wilson petitions this Court for an award of $200,000.

**B. Conclusions of Law**

This is an action for monetary damages. Wilson claims that she entered the United States Post Office in West Lafayette on March 24, 2007, at around 8:15 p.m., to mail an envelope and slipped on water that the Postal Service had negligently allowed to accumulate on the floor. Thus, this action is governed by the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671–2680. This Court, therefore, has subject matter jurisdiction pursuant to 28 U.S.C. § 1346(b)(1).

The incident in this case happened in West Lafayette in the Northern District of Indiana. Venue is proper in this district. 28 U.S.C. § 3191(b).

Under the Federal Tort Claims Act, the law of the state where the alleged act or omission occurred applies. *See* 28 U.S.C. § 1346(b). Therefore, Indiana law applies.

4

The parties agree that Wilson was a business-invitee at the time of her fall. The Indiana Supreme Court has adopted the Restatement (Second) of Torts § 343 to define the scope of the duty a landowner owes to an invitee.

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343; *see Burrell v. Meads*, 569 N.E.2d 637, 639–40 (Ind. 1991). All three conditions set forth in Section 343 must be met for liability to attach. *Harradon v. Schlamadinger*, 913 N.E.2d 297, 301 (Ind. Ct. App. 2009).

Section 343 must be read in conjunction with the Restatement (Second) of Torts § 343A(1) which provides: "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." *See Douglass v. Irvin*, 549 N.E.2d 368, 370 (Ind. 1990). Comment (b) to Section 343A explains the meaning of "known" and "obvious":

> [t]he word "known" denotes not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves. Thus the condition or activity must not only be known to exist, but it must also be recognized that it is dangerous, and the probability and gravity of the

> threatened harm must be appreciated. "Obvious" means that both the
> condition and the risk are apparent to and would be recognized by a
> reasonable man, in the position of the visitor, exercising ordinary perception,
> intelligence, and judgment.

Wilson has failed to prove by the preponderance of the evidence that Defendant United States of America is liable for her injuries. As the Court noted in its findings of fact, Plaintiff has failed to prove that standing water was present in the entryway of the Post Office, when she entered it on March 24, 2007. Hence Wilson has not shown that she encountered a condition that involved an unreasonable risk of harm to invitees like her. There's no question that the floor mat was wet and that some moisture could have tracked onto the floor, but there is no credible evidence that the floor presented an unreasonable risk. This conclusion is consistent with the Post Office manager's testimony that in the previous two years there had not been a single accident at the facility related to standing water.

Wilson was aware of the wet conditions that day and knew that moisture had been tracked into the entryway. Thus, entering the Post Office presented a risk, but not an unreasonable risk for which the Post Office should be liable. After all, the Post Office is not an insurer of the safety of its patrons. *See Carmichael v. Kroger*, 654 N.E.2d 1188, 1191 (Ind. Ct. App. 1995). Moreover, the Post Office had taken precautions to warn its customers of the moisture hazard by placing a CAUTION WET FLOOR sign near the mat. The area was well lit and there was nothing blocking the view of the customers. Under these circumstances, the danger was both obvious and known, and there was no reason for the Post Office to anticipate the harm despite such knowledge or obviousness.

**C. Conclusion**

Because Plaintiff Mary Wilson failed to prove that Defendant United States of America is liable for her injuries, the Court finds in favor of Defendant and against Plaintiff. The Clerk is ordered to enter judgment in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED on September 26, 2012.

    S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE